RECEIVED

MAR 06 2015

Legal Programs Department

SCANNED at LSP and Emailed
3/6/15 by CM . 30 pages
date     initials   No.

## A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

CARL O'NEAL CHRISTIAN JR.
PLAINTIFF

485419
Inmate (DOC) number

(Enter above the full name of
each plaintiff in this action.)

VERSUS

CHARLES WALKER, SAM JOHNSON
ANTHONY JOHNSON; CLARY MARSHALL
M. McQUAITER; ARNOLD JACOBS
DEFENDANTS B-TEAM OFFICERS

(Enter above the full name of
each defendant in this action.)

### Instructions for Filing Complaint by Prisoners
### Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

**IF YOU ARE A PARISH PRISONER**, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER**, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly**

<u>the same</u>.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. **THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, <u>DO NOT INCLUDE EXHIBITS</u>**.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.     Previous Lawsuits

A.     Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?     Yes ( ) No ( X )

B.     If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
    Plaintiff(s): _____

    _____

    Defendant(s): _____

    _____

2. Court (if federal court, name the district; if state court, name the parish):
    _____

3. Docket number: _____

2.

4. Name of judge to whom case was assigned: _____

_____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):

_____

6. Date of filing lawsuit: _____

7. Date of disposition: _____

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?     Yes ( )    No ( X )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_____

_____

II.    Place of present confinement:

A. Is there a prisoner grievance procedure in this institution?   Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
         Yes (X) No ( )

C. If your answer is YES:

1. Identify the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed. _ARP # LSP 2014-2686   AND ARP# LSP 2014-3586_

_____

2. What steps did you take? _ARP# LSP 2014-2686 WAS NEVER SERVED_ _UPON ME, AND ARP#LSP 2014-3586 WAS REJECTED."SEE ATTACHED"_

3. What was the result? __MY ARP#LSP WAS REJECTED.__ _"SEE ATTACHED."_

D. If your answer is NO, explain why not: _____

_____

3.

III.    **Parties**
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) _CARL O'NEAL CHRISTIAN JR. #485419_
    Address _LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712_

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B.    Defendant _CHARLES WALKER, SAM JOHNSON, CLARY MARSHALL_    is employed as
_SECURITY OFFICERS/CORRECTIONAL OFFICERS_    at _LOUISIANA STATE PENITENTIARY_

C.    Additional Defendants: _ANTHONY JOHNSON, M. McQUAITER, AND_
_ARNOLD JACOBS ARE EMPLOYED AS CORRECTIONAL OFFICERS AT_
_LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712  B-TEAM_
_SECURITY OFFICERS._

IV.    **Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

_PLEASE SEE ATTACHED_

4.

**V.     Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. _PLEASE SEE ATTACHED_

_____

_____

_____

**VI.     Plaintiff's Declaration**

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this _____5_____ day of _____MARCH_____, 20_15_.


_Carl O. Christian Jr._

_# 485419_
Signature of plaintiff(s)

5.

CONTINUED FROM PAGE #3)

1) IDENTIFY THE ADMINISTRATIVE GRIEVANCE PROCEDURE NUMBER(S) IN WHICH THE CLAIMS RAISED IN THIS COMPLAINT WERE ADDRESSED.

2) WHAT STEPS DID YOU TAKE?

3) WHAT WAS THE RESULTS?

MY INITIAL ARP# LSP 2014-2686 WAS NEVER ISSUED %r SERVED UPON ME AT THE ACCEPTANCE %r AT THE FIRST STEP LEVEL. I SOUGHT TO RESUBMITT ANOTHER ARP# LSP 2014-3586 CONCERNING ISSUE BEFORE THE COURT, ON 10-20-14 AND AGAIN NEVER RECEIVED A NOTICE OF ACCEPTANCE.

I WROTE THE DEPARTMENT OF LEGAL PROGRAMS' Ms. TRISH FOSTER INQUIRING ABOUT THE LAST FILED ARP# 3586 AND ATTACHED A COPY OF ARP# 3586 THERETO. I RECEIVED A HANDWRITTEN NOTATION ON THE LETTER OF INQUIRY STATING " SEE ATTACHED PAPERS" STAMPED AS RECEIVED 12-1-14. THE "ATTACHED PAPERS" WERE: ADMINISTRATIVE REMEDY PROCEDURE AND PROPERTY CLAIMS INPUT SCREEN BEARING CASE# NO: LSP 2014-2686 WITH ANOTHER HANDWRITTEN NOTATION ON THE DOCUMENT STATING " THE ISSUE WAS ALREADY ADDRESSED BY THIS ARP WHICH YOU REFUSED TO SIGN FOR YOUR ANSWER. SEE ATTACHED PAPER." THE REMAINING "ATTACHED PAPER" STAMPED AS RECEIVED 10-28-14. BY LEGAL PROGM. DEPT. WAS THE FIRST STEP RESPONSE FROM REGARDING ARP# 2686 SIGNED BY Sgt. P. LOGAN JR. ON 10-22-14 BEARING A "REFUSED TO ACCEPT", IN PLACE OF MY SIGNATURE.

THE LATTER ARP# 3586 WAS EVENTUALLY REJECTED. I SOUGHT ADMINISTRATIVE REMEDIES AGAINST Sgt. PERRY LOGAN JR. ACTIONS OF MALFEASANCE FOR FALSIFYING DOCUMENTS DUE TO THERE BEING NO RANKING OFFICER TO VARIFY OR VALIDATE THE CLAIM THAT I "REFUSED" TO ACCEPT FIRST STEP RESPONSE. THAT ARP# LSP 2015-0062 WAS REJECTED.

I BELIEVE THESE CIRCLES WERE BY DESIGN CREATED TO KEEP ME FROM EXHAUSTING MY ADMINISTRATIVE REMEDIES. THUS, I AM FULLY EXHAUSTED.

(A1)

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

CARL O'NEAL CHRISTIAN JR. # 485419              CIVIL ACTION NO: _____
            PLAINTIFF                            DIVISION: _____

    V.                                           FILED: _____
                                                 S/ _____
                                                     CLERK

Sgt. CHARLES WALKER - MAIN PRISON B-TEAM A-BLOCK SECURITY OFFICER;
Sgt. M. McQUAITER - MAIN PRISON B-TEAM A-BLOCK SECURITY OFFICER;
Sgt. CLARY MARSHALL - MAIN PRISON B-TEAM PILL CALL SECURITY OFFICER;
Sgt. ANTHONY JOHNSON - MAIN PRISON B-TEAM B-BLOCK SECURITY OFFICER;
Sgt. SAM JOHNSON - MAIN PRISON B-TEAM D-BLOCK SECURITY OFFICER;
CAPT. ARNOLD JACOBS - MAIN PRISON SUPERVISOR SECURITY OFFICER OVER THE
CELLBLOCK UNITS.
            DEFENDANTS.

    ALL DEFENDANTS ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES.

            A DEMAND FOR JURY TRIAL

                        I.

## PARTIES.

THE PLAINTIFF, CARL O'NEAL CHRISTIAN Jr., #485419 WAS INCARCERATED AT LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

DEFENDANT, Sgt. CHARLES WALKER IS EMPLOYED AT LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 As MAIN PRISON B-TEAM A-BLOCK SECURITY OFFICER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT, Sgt. M. McQUAITER IS EMPLOYED AT LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 As MAIN PRISON B-TEAM A-BLOCK SECURITY OFFICER. SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT, sgt. CLARY MARSHALL IS EMPLOYED AT LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 As MAIN PRISON B-TEAM PILL CALL SECURITY OFFICER. SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT, Sgt. ANTHONY JOHNSON IS EMPLOYED AT LOUISIANA STATE PENITENTIARY ANGOLA La. 70712 As MAIN PRISON B-TEAM B-BLOCK SECURITY OFFICER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

DEFENDANT, Sgt. SAM JOHNSON IS EMPLOYED AT LOUISIANA STATE PENITENTIARY ANGOLA La. 70712 As MAIN PRISON B-TEAM D-BLOCK SECURITY OFFICER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

DEFENDANT, CAPT. ARNOLD JACOBS IS EMPLOYED AT LOUISIANA STATE PENITENTIARY ANGOLA La 70712 As MAIN PRISON SUPERVISOR OVER THE CELLBLOCKS SECURITY OFFICER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

2.

<u>PRELIMINARY STATEMENT</u>

1. Carl O'Neal Christian Jr., #485419, a state prisoner incarcerated at Louisiana State Penitentiary, Angola, La. 70712 herein as plaintiff brings this civil suit against the named defendants, seeking an order from this court for damages and injunctive relief sought under 42 U.S.C. $1983 alleging an 8th amendment United States Constitutional right violation of deliberate indifference for: A failure to protect me from an **OFFICIAL KNOWN ENEMY.**

3.

<u>FIRST FIGHT BETWEEN DONTAE MILTON #562330 AND
I PLAINTIFF WHICH MADE US OFFICIAL KNOWN ENEMIES.</u>

1.) ON JULY 30, 2014 WHILE THE CBA (CELLBLOCK-A) OFFENDERS WERE LINED UP OUTSIDE ON THE WALK FOR YARD RECREATION, I WAS BRUTALLY ATTACKED BY INMATE DONTAE MILTON #562330. SLAMMING HIS FIST INTO THE BACK OF MY HEAD AND NECK AREA, AND INTO THE SIDES OF MY FACE. HE ATTACKED ME. I INSTINCTIVELY DID WHAT I COULD TO PROTECT MYSELF AND TRIED FIGHTING BACK. I WAS INJURED.

2.) AFTER DISCIPLINARY PROCEEDINGS FOR THE INCIDENT, INMATE MILTON #562330 WAS HELD IN CBD (CELLBLOCK-D) ADMINISTRATIVE SEGREGATION, PENDING TRANSFER OUT OF THE MAIN PRISON, DUE TO THE FIGHT MAKING US OFFICIAL KNOWN ENEMIES.

3.) ACCORDING TO INSTITUTIONAL POLICY IN ADHERENCE TO THE UNITED STATES CONSTITUTIONAL LAW THAT ONCE PRISON OFFICIALS KNOW ABOUT A SUBSTANTIAL RISK OF HARM, THEY ARE **OBLIGATED** TO TAKE **REASONABLE** PROTECTIVE MEASURES, OR RISK HAVING A PURPOSEFUL LACK OF **CONCERN**, INTEREST, OR FEELINGS THEREBY BEING THE CAUSE OF A PRISONER BEING THE VICTIM OF ANOTHER PRISONER'S VIOLENCE. THUS WAS THE ADMINISTRATION'S ATTEMPTS TO SEPERATE US BY TRANSFERRING INMATE MILTON #562330 OUT OF THE MAIN PRISON AND SENDING ME BACK TO THE CBA HOUSING/LIVING UNIT.

4.

<u>SECOND FIGHT BETWEEN DONTAE MILTON #562330 AND I, PLAINTIFF
AFTER BEING DECLARED OFFICIAL KNOWN ENEMIES.</u>

4.) ON AUGUST 20, 2014 ( DUE TO ME BEING A SEIZURE PATIENT, ISSUED A PERMANENT OUT OF FIELD DUTY STATUS WITH RESTRICTIONS FOR SEIZURE PERCAUTIONS. MY JOB ASSIGNMENT WAS GENERAL ORDERLY FOR THE CBA HOUSING / LIVING UNIT. ) DURING WORKING HOURS I WAS **LOCKED** ON THE UPPER LEFT TEIR; MY HOU/LIV. AREA.

5.) As I'D JUST FINISHED CLEANING AND MOPPING THE TEIR, CBA UNIT SECURITY OFFICERS Sgt. M. MCQUALTER AND CBA UNIT HEAD Sgt. C. WALKER WERE MAKING THEIR PERIODICAL ROUNDS OF THE UNIT. "CHRISTIAN, COME OFF. THE LINES 'BOUT TO COME IN." Sgt. WALKER SAYS ORDERING ME OFF THE TEIR INTO THE LOBBY, As He **LOCKED** THE TEIR ONCE MORE.

6.) CLEANING AND MOPPING THE UPPER LOBBY AREA IN PREPERATION TO RECEIVE LINE #10 FIELD WORKERS AND THE NOONTIME MEAL, I WAS BRUTALLY ATTACKED BY INMATE MILTON #562330. HE SURPRISED ME BY RUNNING UP BEHIND ME AND SLAMING INTO ME WITH HIS FIST. PUNCHING ME. KNOCKING ME DOWN, AND STOMPING ON ME.

7.) AFTER ABOUT THREE (3) MINUTES OF FIGHTING LBD UNIT SECURITY OFFICER Sgt. S. JOHNSON AND CBB UNIT SECURITY OFFICER Sgt. A. JOHNSON "SHOWED UP" AND SEPERATED US BY PHYSICALLY PULLING INMATE MILTON #562330 OFF OF ME AND DOWNSTAIRS. Sgt. S. JOHNSON TOLD Sgt. A. JOHNSON TO ACTIVATE HIS BEEPER. GETTING TO MY FEET I ASKED "HOW DID HE GET IN HERE?"

8.) As I WAS HELPED DOWNSTAIRS AND TO CBD ADMINISTRATIVE SEGREGATION I NOTICED Sgt. WALKER INSIDE CBA, Sgt. McQUALTER OUTSIDE ON THE WALK OF CBA, Sgt. A. JOHNSON AND Sgt. C. MARSHALL STANDING TOGETHER OUTSIDE OF CBB. AND CAPT. A. JACOBS STANDING AT THE WORK GATE WITH LINE #10 FIELD WORKERS. AT THAT POINT I LOST CONSCIOUSNESS AND WOKE UP IN THE PRISON HOSPITAL EMERGENCY ROOM. I RECEIVED SEVERAL SERIOUS INJURIES TO MY HEAD, NECK, SHOULDER, AND BACK AND WENT INTO A SEIZURE DUE TO THIS ATTACK.

5.

<u>INFORMATION I LEARNED AFTER THE INCIDENT IN WHICH SUBSTANTIATES THIS CIVIL SUIT AGAINST THE NAMED DEFENDANTS.</u>

9) WHAT HAPPENED TO MAKE THIS SITUATION POSSIBLE?

INMATE MILTON #562330 WAS SUPPOSEDLY BEING ESCORTED FROM CBD ADMIN. SEG. BY Sgt. S. JOHNSON TO THE MAIN PRISON A-BUILDING FOR TRANSPORT OUT OF THE MAIN PRISON. Sgt. S. JOHNSON WAS WRITTEN UP WITH A VR-1 FOR RELINQUISHING PROPER CUSTODY OF INMATE MILTON #562330 FROM WHERE HE WAS SAFELY SECURED TO Sgt. C. MARSHALL.

10) Sgt. C. MARSHALL WAS ASSIGNED AS PILL CALL OFFICER, AND MAINTAINS THAT Sgt. S. JOHNSON WAS NOT A RANKING OFFICER, THEREFORE HAVING NO AUTHORITY TO ORDER HER ABOUT. Sgt. C. MARSHALL KNOWINGLY AND INTENTIONALLY ALLOWED INMATE MILTON #562330 TO WALK PASS. HER INTO THE CBA HOUSING/LIVING UNIT.

11) WHEN INMATE MILTON #562330 REACHED CBA HOU/LIV. UNIT HE WAS ADMITTED ENTRANCE AND RECEIVED BY Sgt. C. WALKER WHO REMOVED THE INMATE'S RESTRAINTS. Sgt. WALKER WAS WRITTEN UP WITH A VR-1 FOR GRANTING INMATE MILTON #562330 ADMITTANCE INTO CBA HOU./LIV. UNIT AND REMOVING HIS RESTRAINTS PUTTING THE LIVES AND SAFETY OF BOTH PRISONERS AT RISK BEING OFFICIAL KNOWN ENEMIES.

<u>WHERE WAS SECURITY?</u>

12) CAPTAIN ARNOLD JACOBS. WAS THE ONLY RANKING OFFICER PRESENT DURING THESE EVENTS. CAPT. JACOBS WAS ON THE WALK AT THE WORKGATE KEEPING LINE #10 FIELD WORKERS OFF THE WALK WHILIST Sgt. S. JOHNSON ESCORTED INMATE MILTON #562330 TO CBA HOU/LIV. UNIT. ALSO PRESENT DURING THESE EVENTS WAS CBA UNIT SECURITY OFFICER Sgt. M. MᶜQUARTER CBB UNIT SECURITY OFFICER Sgt. A. JOHNSON, AND MAIN PRISON CELLBLOCK PILL CALL SECURITY OFFICER Sgt. C. MARSHALL.

<u>WHY DID THIS SITUATION HAPPEN. AND WHO IS AT FAULT FOR THIS SITUATION, AND THE INJURIES THAT RESULTED?</u>

13) NOT ONE OF THE NAMED DEFENDANTS ACTED WITHIN THEIR STANDING POST ORDERS? ALL OF THE DEFENDANTS FAILED TO TAKE REASONABLE PROTECTIVE MEASURES AGAINST THE KNOWN, OR OBVIOUS, SUBSTANTIAL RISK OF HARM? THIS SPECIFIC FAILURE TO ACT AMOUNTS TO DELIBERATE INDIFFERENCE.

6.

14.) Sgt. McQuarter was CBA unit security who knew, or should have known of the first fight between inmate Milton #562330 and I, Plaintiff 21-days earlier, and that I was at work on the tier she managed and supervised. How hard was it for her to SAY to inmate Milton #562330 " Stand to the side of the doorway. You're not allowed inside."? How hard was it for EITHER of the defendants to act by simply speaking up? They all knew or should have known that he wasn't allowed in CBA, because he was being transfered out of main prison.

15.) Sgt. Walker was CBA unit head security who knew, or should have known of the first fight between inmate Milton #562330 and I, Plaintiff, 21-days earlier, and that he shouldn't have un-restrained him and allowed him to go upstairs, where he knew me to be working.

16.) These prison officials violated the 8th Amendment to the United States Constitution being deliberately indifferent to either prisoner's life and safety. The defendants knew that inmate Milton #562330 if given the opportunity would physically attack me again, and their actions and inactions caused me to be seriously injured.
Wherefore they're all rightfully named as defendants.

7.

## CONCLUSION

17) COVERING ALL THEIR BASES, Sgt. S. JOHNSON ESCORTED MY CBA HOU./LIV. UNIT, Sgt. C. WALKER ALLOWED HIM INSIDE AND UN-RESTRAINED, Sgt. M. McQUAITER, AND Sgt. C. MARSHALL STOOD WATCH OUTSIDE OF CBA AS LOOKOUTS. CAPT. A. JACOBS SERVED TO KEEP LINE 10 FIELD WORKERS FROM WITNESSING ANYTHING, Sgt. A. JOHNSON AND Sgt. S. JOHNSON SERVED AS THE "MUSCLE" WHO WOULD AND DID BRAKE UP THE FIGHT—BEING ASTHOUGH NONE OF THE WOMEN COULD, AND AN ELDERLY Sgt. WALKER COULDN'T. THE DEFENDANTS COORDINATED THIS ATTACK. HOW ELES CAN THEIR POSITIONS ACTIONS AND DECISIONS OF INACTIONS BE EXPLAINED?

18) I AM CONVINCED OF COLLUSION! THE DEFENDANTS CONSPIRED, AND WORKED IN CONCEPT WITH INMATE MILTON #562330 WHO POSSESSED NO VALID EXCUSE OR REASONS FOR BEING AROUND ME AFTER THE JULY 30, 2014 ATTACK. LET ALONE TO BE INSIDE THE BUILDING! EXCEPT WITH THE INTENTIONAL ALLOWANCE, AND THE ASSISTANCE FROM SECURITY TO MAKE THE WAY CLEAR FOR HIM TO RETAILIATE AGAINST ME—WITHOUT WHICH IT WAS IMPOSSIBLE FOR HIM TO GET INSIDE THE BUILDING AND UN-RESTRAINED TO ATTACK ME FOR A SECOND TIME.

19) BECAUSE THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS AND LOUISIANA STATE PENITENTIARY DISCIPLINED THE OFFICERS VALIDATES THAT NEITHER OF DEFENDANTS REASONABLY BELIEVED WHAT THEY WERE DOING WAS WITHIN THE REALM OF THEIR STANDING POST ORDERS. BECAUSE NEITHER DEFENDANT CAN CLAIM ALLOWING INMATE MILTON #562330 ACCESS TO HIS KNOWN ENEMY WAS LAWFUL, OR WITHIN A REASONABLE EXERCISE OF DISCRETION, NEITHER DEFENDANT CAN SUCCESSFULLY ASCERT ENTITLEMENT TO THE AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY.

20) COURTS HAVE HELD THAT "FAILING TO SEPERATE PRISONERS WHO HAVE FOUGHT IN THE PAST CONSTITUTES DELIBERATE INDIFFERENCE". AND IN THIS THE DEFENDANTS FAILED TO PROTECT ME FROM MY OFFICIAL KNOWN ENEMY.

8.

## RELIEF REQUESTED.

PLAINTIFF REQUEST THIS HONORABLE COURT TO ORDER A PRELIMINARY INJUNCTION IN RESPECT TO RELIEF REQUEST #2 IN THAT THE ABSENCE OF SUCH ORDER WOULD SUBJECT PLAINTIFF TO AN IMMEDIATE AND IRREPARABLE INJURY. SUCH AN ORDER SHOULD HAVE LITTLE TO NO ADVERSE IMPACT UPON THE DEFENDANTS. IF THE COURT AGREES THAT THE DEFENDANTS DID VIOLATE PLAINTIFF CONSTITUTIONAL RIGHTS AND THE LIKELIHOOD THAT PLAINTIFF WILL EVENTUALLY PREVAIL IN PROVING HIS CLAIMS AGAINST THE DEFENDANTS.

1) WHEREFORE PLAINTIFF RESPECTFULLY PRAYS THAT THIS HONORABLE COURT DECLARE UNCONSTITUTIONAL AND UNLAWFUL THE DELIBERATE INDIFFERENCE OF THE DEFENDANTS ACTIONS IN THAT THEY DID VIOLATE PLAINTIFF'S 8TH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION IN THAT THE DEFENDANTS FAILED TO PROTECT PLAINTIFF FROM HIS OFFICIAL KNOWN ENEMY;

2) ORDER THE DEFENDANTS, THEIR EMPLOYER, AND ALL PERSONS ACTING IN CONCERT WITH THEM TO COVER THE EXPENSES OF SENDING PLAINTIFF TO A PRIVATE CHYROPRACTOR OF THE COURTS DISCRETION FOR ASSESSMENT AND TREATMENT OF INJURIES TO BE PRESENTED IN COURT AS EVIDENCE, AND TO COVER THE EXPENSES OF HAVING THE PHYSICIAN SUBPEANED FOR TRIAL TESTIMONY.

3) ORDER THE DEFENDANTS TO AWARD PLAINTIFF COMPENSATORY DAMAGES FOR PLAINTIFF'S PAIN AND SUFFERRING IN THE FOLLOWING AMOUNT OF $150,000.00 INDIVIDUALLY OF EACH DEFENDANT.

4) ORDER OTHER SUCH RELIEF AS IT MAY APPEAR THAT PLAINTIFF CHRISTIAN #485419 IS ENTITLED TO.

RESPECTFULLY SUBMITTED THIS _____ DAY OF _____ 2015.

s/Carl O'Neal Christian Jr. #485419
CARL O'NEAL CHRISTIAN JR #485419
LOUISIANA STATE PENITENTIARY
ANGOLA, LA. 70712

9.