UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CARL O'NEAL CHRISTIAN JR. #485419 : CIVIL ACTION
    PRO'SE PLAINTIFF.

    V.                 : No: 15-0130-SDD-RLB

CHARLES WALKER ET AL    : JUDGE SHELLY DICK
    DEFENDANTS.
                     : MAGISTRATE JUDGE

AMENDED           : MR. RICHARD L. BOURGEOIS JR.

SGT. CHARLES WALKER. MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER
SGT. MECHER McQUALTER. MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER
SGT. CLARY MARSHALL. MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER
SGT. ANTHONY JOHNSON. MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER
SGT. SAM JOHNSON. MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER
CAPT. ARNOLD JACOBS. MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER

DEFENDANTS

ALL DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL
CAPACITIES AND OFFICIAL CAPACITIES.

DEMAND FOR JURY TRIAL.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

PARTIES.

Pro' se Plaintiff, CARL O. CHRISTIAN Jr. #485419 WAS INCARCERATED At LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

1  DEFENDANT, Sgt. CHARLES WALKER IS EMPLOYED At LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 As MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER.

2  DEFENDANT, Sgt. MECHER McQUATER IS EMPLOYED At LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 As MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER.

3  DEFENDANT, Sgt. LLARY MARSHALL IS EMPLOYED At LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 As MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER.

4  DEFENDANT, Sgt. ANTHONY JOHNSON IS EMPLOYED At LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 As MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER.

5  DEFENDANT, Sgt. SAM JOHNSON IS EMPLOYED At LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 As MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER.

6  DEFENDANT, Capt. ARNOLD JACOBS IS EMPLOYED At LOUISIANA STATE PENITENTIARY, ANGOLA, La. 70712 As MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICER.

12

UNITED STATES DISTRICT COURT.
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15:0130-SDD-RLB

PARTIES Cont.

Joining PARTIES OF THE DEFENDANTS:
LOUISIANA STATE PENITENTIARY:

LEGAL PROGRAMS DEPARTMENT. DIRECTOR Ms TRISH FOSTER;
ASSISTANT WARDEN DAVID VOORHIES SR. II MAIN PRISON CELLBLOCK
ASSISTANT WARDEN BENJAMIN, KEVIN III MAIN PRISON COMPLEX.

ALL DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL
CAPACITIES AND OFFICIAL CAPACITIES.

THUS, DEFENDANTS ARE NOT ENTITLED TO THE DEFENSE OF
QUALIFIED IMMUNITY AS A MATTER OF LAW

WHEREFORE, PLAINTIFF SEEKS AN ORDER FROM THIS UNITED STATES
DISTRICT COURT FOR MIDDLE DISTRICT OF LOUISIANA AS A MATTER OF LAW
FOR DAMAGES: COMPENSATORY, AND PUNITIVE AGAINST THE DEFENDANTS.

13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

Preliminary Statements.

(1.) IN ACCORDANCE WITH FEDERAL LAW TITLE 42. SECTION 1983 I, CARL O'NEAL CHRISTIAN Jr. #485419 AM A STATE PRISONER INCARCERATED AT LOUISIANA STATE PENITENTIARY ANGOLA. La. 70712. BEING A PRO'SE LITIGANT HEREIN, AS PLAINTIFF. DO HEREBY BRING THIS CIVIL ACTION AGAINST L.S.P. ANGOLA MAIN PRISON B-TEAM CORRECTIONAL SECURITY OFFICERS FOR DEPRIVING PLAINTIFF OF HIS UNITED STATES EIGHTH AMENDMENT RIGHT IN THAT THESE CORRECTIONAL SECURITY OFFICERS ACTING UNDER COLOR OF STATE AND TERRITORIAL LAW VIOLATED UNITED STATES CONSTITUTIONAL LAW AS WAS CLEARLY ESTABLISHED AT TIME OF INCIDENT BEING DELIBERATELY INDIFFERENT FAILED TO PROTECT PLAINTIFF FROM AN OFFICIALLY KNOWN ENEMY.

(2.) THUS, DEFENDANTS ARE NOT ENTITLED TO THE DEFENSE OF QUALIFIED IMMUNITY AS A MATTER OF LAW.

WHEREFORE, PLAINTIFF SEEKS AN ORDER FROM THIS UNITED STATES DISTRICT COURT FOR MIDDLE DISTRICT OF LOUISIANA AS A MATTER OF LAW FOR DAMAGES COMPENSATORY AND PUNITIVE AGAINST THE DEFENDANTS.

14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

## FACTUAL BACKGROUND.

3. On July 30, 2014 PLAINTIFF AND INMATE DONTRAE MILTON #562330 WERE INCARCERATED AT LOUISIANA STATE PENITENTIARY (LSP) ANGOLA, La. 70712 BEING HOUSED IN ANGOLA'S MAIN PRISON CELLBLOCK ALPHA UNIT (CBA).

4. PLAINTIFF'S LIVING AREA WAS IN THE UPPER LEFT WING OF THE UNIT (CBA) WHILE INMATE MILTON #562330 LIVING AREA WAS IN THE LOWER LEFT WING OF THE UNIT. (CBA)

5. PLAINTIFF'S JOB ASSIGNMENT WAS GENERAL ORDERLY OF THE ALPHA HOUSING UNIT (CBA).

6. ON JULY 30, 2014 AT APPROXIMATELY 5:25ᴾM WHILE STANDING OUTSIDE ON THE CBA WALKWAY IN THE PRESENCE OF MAIN PRISON A-TEAM CORRECTIONAL SECURITY OFFICERS FOR YARD RECREATION PLAINTIFF WAS BLINDSIDED AND BRUTALLY ATTACKED BY INMATE MILTON #562330.

7. CORRECTIONAL SECURITY OFFICER SERGENT LEROY DAVIS BEING IMMEDIATELY PRESENT WITNESSING THE SUDDEN AND BRUTAL ATTACK ON PLAINTIFF IMMEDIATELY WENT INTO ACTION, RESPONDING IN AN OBJECTIVELY REASONABLE MANNER, SGT. DAVIS IMMEDIATELY ACTIVATED HIS BEEPER ALERTING FELLOW CORRECTIONAL SECURITY OFFICERS TO HIS POSITION AND NEED OF ASSISTANCE IN ATTEMPTS TO MINIMIZE AND ELIMINATE THE ATTACK AND THE SUBSTANTIAL RISK OF SERIOUS HARM TO PLAINTIFF. (SEE EXHIBIT-A.)

15.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

8) AFTER THE ATTACK ON PLAINTIFF, BOTH PRISONERS WERE SENT TO THE DELTA UNIT (CBD) ADMINISTRATIVE SEGREGATION FOR INVESTIGATIVE AND DISCIPLINARY ACTION FOR VIOLATING PRISON RULE #10. SIMPLE FIGHT. ALSO BOTH PRISONERS WERE SEEN BY MEDICAL PERSONNEL. (SEE EXHIBITS - A,B,C.)

9. ACCORDING TO THE DEPARTMENT OF CORRECTION'S RULES REGULATIONS AND INSTITUTIONAL POSTED POLICIES ISSUED BY THE SECRETARY OF CORRECTIONS IN ADHERENCE WITH CONSTITUTIONAL AND STATUTORY LAWS THAT ONCE PRISON OFFICIALS KNOW ABOUT A SUBSTANTIAL RISK OF HARM THEY ARE OBLIGATED TO TAKE REASONABLE PROTECTIVE MEASURES TO GUARANTEE THE SAFETY OF THE PRISONER OR RISK BEING DELIBERATELY INDIFFERENT IN THEIR FAILURE TO PROTECT. THEREBY BEING THE CAUSE OF A PRISONER BECOMING THE VICTIM OF ANOTHER PRISONER'S VIOLENCE.

10. THUS, ON AUGUST 1, 2014 AFTER DISCIPLINARY PROCEEDINGS FOR THE RULE #10 VIOLATION PLAINTIFF WAS SENT BACK TO HIS ORIGINAL HOUSING AREA (CBA) WHILE INMATE MILTON WAS HELD IN ADMINISTRATIVE SEGREGATION (CBD) PENDING TRANSFER OUT OF THE MAIN PRISON DUE TO THE FIGHTING INCIDENT MAKING PLAINTIFF AND INMATE MILTON #562330 OFFICIALLY KNOWN ENEMIES.

11. BOTH PRISONERS WERE PLACED IN EACHOTHER'S PRISON FILES AS KNOWN ENEMIES FOR THE BENEFIT OF SECURITY AND THE INSTITUTION TO KEEP THE PRISONERS SEPERATED TO TO PREVENT ANY FUTURE ATTACKS OF VIOLENCE.

16.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

12. On August 20, 2014 during working hours Plaintiff was locked on the upper left wing of the CBA unit until B-team Correctional Security officers Sergent Melcher McQuanter and Sergent Charles Walker were making their periodical rounds of the unit. "Christian, come off. the lines 'bout to come in." Sgt. Walker says ordering Plaintiff off of the teir into the lobby area as he locked the teir once more.

13. While Plaintiff was still performing working duties assigned for the day in the upper lobby area in preperation to receive Line #10 field workers and the midday meal B-team correctional security officers knowingly admitted and allowed inmate Milton to enter the CBA housing unit to attack Plaintiff. (see Exhibit-D affidavit.)

14. Plaintiff was blindsided again with an onslaught of blows slamming into the back and the sides of Plaintiff's head, face, and neck area. Knocking Plaintiff to the floor Plaintiff was kicked and stomped in the head, neck, shoulder and back area and was brutally attacked for approximately three (3) full minutes.

17.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

15. IN THE UPPER LOBBY AREA At APPROXIMATELY 10:45 M CORRECTIONAL SECURITY OFFICERS FROM BRAVO UNIT (CBB) AND DELTA UNIT (CBD) SERGEANTS SAM JOHNSON AND ANTHONY JOHNSON SHOWED UP AND SEPERATED PRISONERS BY PHYSICALLY PULLING INMATE MILTON OFF OF PLAINTIFF.

16. CORRECTIONAL SECURITY OFFICER SGT. A. JOHNSON ACTIVATED HIS BEEPER ALERTING FELLOW CORRECTIONAL SECURITY OFFICERS TO HIS POSITION AND NEED OF ASSISTANCE. CAPT. ARNOLD JACOBS AND MAJOR HAYES WERE NOTIFIED. (SEE EXHIBIT-E.)

17. IMMEDIATELY THEREAFTER PLAINTIFF WAS RUSHED TO R.E.B.T.C. PRISON HOSPITAL EMERGENCY ROOM DUE TO A SEIZURE As A RESULT OF THE ATTACK. MAJOR HAYES ACTIVATED HIS BEEPER.

## ISSUES OF MATERIAL FACTS.

18. IT IS NOT EVERY INJURY SUFFERED BY ONE INMATE At THE HANDS OF ANOTHER THAT TRANSLATES INTO A CONSTITUTIONAL LIABILITY FOR PRISON OFFICIALS RESPONSIBLE FOR THE VICTIM'S SAFETY.

19. A-TEAM CORRECTIONAL SECURITY OFFICERS WERE NOT DELIBERATELY INDIFFERENT IN THEIR DUTIES BECAUSE THEY HAD NO KNOWLEDGE OF ANY RISK OF HARM PLAINTIFF WAS TO INCURE ON JULY 30, 2014 AND WHEN PLAINTIFF WAS ATTACKED IN THEIR PRESENCE THEY IMMEDIATELY RESPONDED TO THE ATTACK IN AN OBJECTIVELY REASONABLE MANNER IN ATTEMPTS TO MINIMIZE AND ELIMINATE THE SUBSTANTIAL RISK OF HARM THE ATTACKER POSED TO PLAINTIFF. (SEE FARMER V. BRENNAN, 114 S.CL. 1970, 511 U.S. 825. (U.S. WIS. 1994))

18.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

20. IN CONTRAST TO A-TEAM CORRECTIONAL SECURITY OFFICERS THE DEFENDANTS KNEW THAT PLAINTIFF AND INMATE MILTON WERE SENT TO DELTA UNIT (CBD) ADMINISTRATIVE SEGREGATION ON JULY 30. 2014 FOR VIOLATION OF PRISON RULE #10. SIMPLE FIGHT.

21. THE DEFENDANTS KNOW THAT PRISONERS IN VIOLATION OF PRISON RULES #10 AND #11 ARE PLACED IN EACH OTHERS PRISON FILES AS OFFICIAL KNOWN ENEMIES AND ARE THUS SEPERATED. ON AUGUST 1. 2014 THE DEFENDANTS RECEIVED PLAINTIFF BACK TO CBA UNIT.

22. THE EIGHTH AMENDMENT IMPOSES A DUTY ON PRISON OFFICIALS TO TAKE REASONABLE MEASURES TO GUARANTEE THE SAFETY OF THE INMATES.

23. ON AUGUST 20. 2014 CAPT. A. JACOBS WAS THE RANKING OFFICER IN THE IMMEDIATE AREA AT THE WORK GATE KEEPING LINE #10 FIELD WORKERS OFF OF THE WALKWAY WHILE SGT. S. JOHNSON ESCORTED INMATE MILTON TO THE CBA HOUSING UNIT. SGT. M. McQUATER, SGT. A. JOHNSON, AND SGT. C. MARSHALL STOOD OUTSIDE OF THE CBA UNIT, WHILE SGT. C. WALKER WAS INSIDE OF THE CBA UNIT.

24. UNDER THE EIGHTH AMENDMENT, PRISON OFFICIALS HAVE A DUTY TO PROTECT PRISONERS FROM VIOLENCE AT THE HANDS OF OTHER PRISONERS. (U.S.C.A. CONST. AMEND. 8.)

19.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

25. THE DEFENDANTS, HOWEVER, KNOWINGLY AND INTENTIONALLY STOOD BY AND ALLOWED INMATE MILTON TO WALK PASS THEM WITH SGT. S. JOHNSON INTO THE CBA HOUSING UNIT. SGT. C. WALKER RECEIVED THEM AND UN-RESTRAINED THE PRISONER AND SENT HIM UPSTAIRS WHERE PLAINTIFF WAS. (SEE EXHIBIT-D. AFF.)

26. NOT ONE OF THE DEFENDANTS ACTED WITHIN THE DEPARTMENT OF CORRECTION'S RULES, REGULATIONS, AND INSTITUTIONAL POSTED POLICIES THAT ALL CORRECTIONAL PERSONNEL MUST FOLLOW IN THE PERFORMANCE OF THEIR DUTIES CONCERNING A PARTICULAR SUBJECT AREA.

27. THE DEFENDANTS FAILED TO TAKE REASONABLE PROTECTIVE MEASURES AGAINST THE KNOWN AND OBVIOUS SUBSTANTIAL RISK OF HARM POSED TO PLAINTIFF.

28. INSTEAD THEY IGNORED REGULATION GUIDELINES AND USED ACTIONS DIFFERENT FROM THEM WHICH RESULTED IN; A SECOND ATTACK ON PLAINTIFF WHEREBY PLAINTIFF WAS SERIOUSLY INJURED, DISCIPLINARY ACTION FOR THE CORRECTIONAL SECURITY OFFICERS' CONDUCT, AND THE DEPRIVATION OF PLAINTIFF'S U.S. 8TH AMEND. RIGHT - A VIOLATION OF CLEARLY ESTABLISHED LAW.

29. THESE DEFENDANTS VIOLATED THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

30. THE DEFENDANTS VIOLATED DEPARTMENT OF CORRECTION'S RULES REGULATIONS, AND INSTITUTIONAL POSTED POLICIES.

20.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

31. THE DEFENDANTS VIOLATED PLAINTIFF'S CONSTITUTIONAL AND STATUTORY RIGHTS WHEN THEY WERE SUBJECTIVELY AWARE OF THE SUBSTANTIAL RISK OF SERIOUS HARM THAT INMATE MILTON POSED TO PLAINTIFF IN THAT IF GIVEN THE OPPORTUNITY INMATE MILTON WOULD PHYSICALLY ATTACK PLAINTIFF WHEREVER FOUND WITH NO REGARD FOR SECURITY'S PRESENCE.

32. THE DEFENSE OF "QUALIFIED IMMUNITY" COMPLETELY PROTECTS GOVERNMENT OFFICIALS PERFORMING DISCRETIONARY FUNCTIONS FROM SUIT IN THEIR INDIVIDUAL CAPACITIES UNLESS THEIR CONDUCT VIOLATES CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN.

33. TO RECEIVE QUALIFIED IMMUNITY, A GOVERNMENT OFFICIAL MUST FIRST PROVE THAT HE WAS ACTING WITHIN HIS DISCRETIONARY AUTHORITY.

34. THE DEFENDANTS FAILED TO PROTECT PLAINTIFF BECAUSE THEY WERE DELIBERATELY INDIFFERENT AND THEY HARBORED ILL WILL TOWARDS PLAINTIFF AND THEIR ACTIONS AND DECISIONS OF INACTIONS WAS THE ACTUAL CAUSE OF THE ATTACK WHEREBY SERIOUS INJURIES TO PLAINTIFF RESULTED.

35. THE DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHTS WHEN THEY ACTUALLY KNEW THAT ONE PRISONER POSED A SUBSTANTIAL RISK OF SERIOUS HARM TO ANOTHER, YET FAILED TO TAKE ANY ACTION TO INVESTIGATE, MITIGATE, OR MONITOR THAT SUBSTANTIAL RISK OF SERIOUS HARM.
(SEE U.S.C.A. CONST. AMEND. 8.)

21.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

## PROCEDURAL HISTORY
## (PRISON GRIEVANCE PROCEEDINGS.)

36. THE PRISON LITIGATION REFORM ACT OF 1995 § 101 (a) 42 U.S.C.A. SECTION 1997 e (a) REQUIRES A PRISONER TO GIVE THE PRISON'S GRIEVANCE SYSTEM A FAIR OPPORTUNITY TO CONSIDER THE GRIEVANCE. WHICH REQUIRES THE COMPLAINING PRISONER TO COMPLY WITH THE SYSTEM'S CRITICAL PROCEDURAL RULES.

37. ON AUGUST 25, 2014 PLAINTIFF DICTATED THE FACTS RELATING TO HIS COMPLAINT THRU LOUISIANA STATE PENITENTIARY (LSP) ANGOLA'S PROPER VEHICAL: (A.R.P.) ADMINISTRATIVE REMEDY PROCEDURES. TO THE LEGAL PROGRAMS DEPARTMENT via WARDEN N. BURL CAIN. IN COMPLIANCE WITH THE **PLRA**.

38. ON OCTOBER 20, 2014 DUE TO PLAINTIFF NOT RECEIVING NOTICE OF RECIEPT AND ACCEPTANCE OR REJECTION OF HIS INITIAL A.R.P. AS IS CUSTOMARY AND PROCEDURE OF THIS INSTITUTION'S GRIEVANCE SYSTEM PLAINTIFF FILED A SUBSEQUENT A.R.P. STILL WITHIN THE PROSCRIBED NINETY (90) DAYS WITH LEGAL PROGRAMS DEPARTMENT IN COMPLIANCE WITH THE PLRA.

39. ON NOVEMBER 27, 2014 DUE TO PLAINTIFF NOT RECEIVING ANY NOTICE OF RECIEPT AND ACCEPTANCE OR REJECTION OF HIS SECOND SUBSEQUENT TIMELY FILED A.R.P. PLAINTIFF DICTATED A LETTER TO MS. TRISH FOSTER OVER THE LEGAL PROGRAMS DEPT. INQUIRING ABOUT HIS PRIVIOUSLY FILED A.R.P. WITH A.R.P. THERETO ATTACHED. (SEE EXHIBIT-F pg. 32)

22.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

40. PLAINTIFF RECEIVED HIS LETTER OF INQUIRY, THERE ON IT A HANDWRITTEN NOTATION STATING: "SEE ATTACHED PAPERS." STAMPED AS RECEIVED 12/1/14.. THE ATTACHED PAPERS WAS ADMINISTRATIVE REMEDY PROCEDURE AND PROPERTY CLAIMS INPUT SCREEN BEARING CASE NO: LSP 2014-2686 WITH ANOTHER NOTATION STATING: "THE ISSUE WAS ALREADY ADDRESSED BY THIS A.R.P. WHICH YOU REFUSED TO SIGN FOR YOUR ANSWER. SEE ATTACHED PAPER.".

41. THE REMAINING "ATTACHED PAPER" STAMPED AS RECEIVED 10/28/14 BY LEGAL PROGRAMS DEPT. WAS THE FIRST STEP RESPONSE FORM REGARDING LSP 2014-2686 SIGNED BY SGT. PERRY LOGAN JR. ON 10/22/14 BEARING A "REFUSED TO ACCEPT" IN PLACE OF PLAINTIFF'S SIGNATURE.

42. PLAINTIFF SOUGHT ADMINISTRATIVE REMEDIES AGAINST SGT. P. LOGAN JR'S ACTIONS OF MALFEASANCE FOR FALSIFYING DOCUMENTS STATING THAT PLAINTIFF "REFUSED TO ACCEPT" FIRST STEP RESPONSE: THAT A.R.P. WAS REJECTED. ALSO PLAINTIFF'S SECOND SUBSEQUENT A.R.P. RELEVENT TO PLAINTIFF'S COMPLAINT WAS ALSO REJECTED.

43. IN COMPLIANCE WITH PLRA REQUIREMENTS AS HELD IN TURLEY V. REDNOUR, 729 F.3d 645 THAT "ONCE A PRISON HAS RECEIVED NOTICE OF, AND AN OPPORTUNITY TO CORRECT A PROBLEM THE REQUIREMENT OF EXHAUSTION OF ADMINISTRATIVE REMEDIES BEFORE BRINGING SUIT; THE PRISONER HAS THUS SATISFIED THE PURPOSE THEREOF.
(SEE EXHIBITS- F, G, H, I, J, K, L.)

23.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION : 15-0130-SDD-RLB

44. Pro'se Plaintiff now joins to the defending party, the State of Louisiana, through its institution Louisiana State Penitentiary.

45. Louisiana State Penitentiary's Administrative Branch; Assist. Warden II / Main Prison Cellblock; Mr. David Voorhies Sr., Assist. Warden III / Main Prison Complex; Mr. Kevin Benjamin, Legal Programs Department Director; Ms Trish Foster were well informed of the incident through the Administrative Remedies Procedures as was available to Plaintiff.

46. They, constructively denied Plaintiff of a 2nd step decision which was required of Plaintiff through the PLRA system.

47. The defendants' failure to employ "reasonable protective measures" in that they act upon the defendants in a means to detour deliberate indifference in the future, violates Plaintiff's United States Constitutional Eighth Amendment rights and the Department of Corrections Rules, Regulations, and Institutional Posted Policies — being themselves deliberately indifferent to not only Plaintiff's Constitutional and Statutory rights, but every other Prisoner placed under its oversight.

48. The Assist. Wardens of this institution who with intentions to undermine the severity of the incident knowingly signed off on the explanative response to Plaintiff's A.R.P. (2686-2014) admitting to the clear violations of their subordinates and deciding to do nothing in a means to detour the conduct of deliberate indifference amongst the defendants and wherever this monster hides itself.

49. Deliberate indifference and the failure to protect is a violation of the duties to prison officials under the 8th Amendment and it shall not be encouraged. (See Exhibits - M, N.)

24.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

## CONCLUSION.

50. PLAINTIFF IS CONVINCED OF COLLUSION BY THE DEFENDANTS. THE DEFENDANTS CONSPIRED AND WORKED IN CONCERT WITH INMATE MILTON WHO POSSESSED NO VALID EXCUSE OR REASON FOR BEING INSIDE OF THE CBA HOUSING UNIT, EXCEPT TO ATTACK PLAINTIFF FOR A SECOND (2nd) TIME.

51. WITH THE ASSISTANCE OF THE DEFENDANTS TO MAKE THE WAY CLEAR FOR HIM WOULD IT HAVE BEEN POSSIBLE FOR HIM TO GET INSIDE OF THE BUILDING AND UN-RESTRAINED TO ATTACK PLAINTIFF FOR A SECOND (2nd) TIME.

52. COURTS HAVE HELD THAT " FAILING TO SEPERATE PRISONERS WHO HAVE FAUGHT IN THE PAST CONSTITUTES DELIBERATE INDIFFERENCE.". MORALES V. NEW YORK STATE DEPT. OF CORRECTIONS. 842 F.2d 27, 30 (2nd CIR 1988.), FREIT V. GOVERNMENT OF VIRGIN ISLANDS. 839 F.2d 968, 978 (3d. CIR. 1988.)

53. WHEREFORE, THESE PRISON OFFICIALS ARE ALL RIGHTFULLY NAMED AS DEFENDANTS.

25

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION: 15-0130-SDD-RLB

## RELIEF REQUESTED.

54. PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT DECLARE THAT ON AUGUST 20, 2014 THE DEFENDANTS WERE SUBJECTIVELY AND OBJECTIVELY AWARE OF A SUBSTANTIAL RISK OF SERIOUS HARM TO PLAINTIFF, AND THAT THEY FAILED TO ACT IN AN OBJECTIVELY REASONABLE MANNER TO ENSURE THE SAFETY OF PLAINTIFF FROM HIS KNOWN ENEMY THEREBY VIOLATING THE DEPARTMENT OF CORRECTIONS RULES, REGULATIONS, AND INSTITUTIONAL POSTED POLICIES AND THE UNITED STATES CONSTITUTIONAL EIGHTH AMENDMENT AS WAS CLEARLY ESTABLISHED AT TIME OF INCIDENT BY BEING DELIBERATELY INDIFFERENT AND FAILING TO PROTECT PLAINTIFF FROM THE KNOWN, OBVIOUS SUBSTANTIAL RISK OF SERIOUS HARM AND ARE THUS NOT ENTITLED TO THE DEFENSE OF QUALIFIED IMMUNITY BECAUSE THE VIOLATION OF CLEARLY ESTABLISHED LAW DID CAUSE SERIOUS INJURY TO THE PLAINTIFF.

55. PLAINTIFF RESPECTFULLY PRAYS AS A MATTER OF LAW THAT THIS COURT ORDER THE DEFENDANTS TO COVER THE EXPENSES OF SENDING PLAINTIFF TO A LOUISIANA AREA HOSPITAL FOR PROPER ASSESSMENT AND TREATMENT OF INJURIES TO PLAINTIFF.

56. PLAINTIFF RESPECTFULLY PRAYS AS A MATTER OF LAW THAT THIS COURT ORDER THE DEFENDANTS TO JOINTLY AWARD COMPENSATORY $ DAMAGES OF $600,000.00 AND INDIVIDUALLY $100,000.00 AND PUNITIVE $ DAMAGES OF $100,000.00 .

57. PLAINTIFF REQUESTS THAT THIS COURT ORDER OTHER SUCH RELIEF AS IT IS ENTITLED TO PLAINTIFF.

26.