UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL O'NEAL CHRISTIAN, JR. (#485419) | CIVIL ACTION |
| VERSUS | |
| CHARLES WALKER, ET AL. | NO. 15-130-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 14, 2016.

                                                                                       RICHARD L. BOURGEOIS, JR.
                                                                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARL O'NEAL CHRISTIAN, JR. (#485419)**            **CIVIL ACTION**

**VERSUS**

**CHARLES WALKER, ET AL.**            **NO. 15-130-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' Cross Motions for Summary Judgment (R. Docs. 13, 18, 32, and 45).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against correctional officers Charles Walker, Sam Johnson, Anthony Johnson, Clary Marshall, Mecher McQuirter, and Arnold Jacobs. He complains that his constitutional rights were violated on August 20, 2014, when the defendants failed to protect him from an attack by a fellow inmate in violation of his Eighth Amendment rights.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent Requests for Administrative Remedy, and the affidavit of Sgt. Preston Logan, Jr. The plaintiff moves for summary judgment relying upon the pleadings, Statements of Undisputed Facts, the affidavit of inmate Glenn Davis, Disciplinary Reports dated July 30, 2014 and August 20, 2014, and his pertinent Requests for Administrative Remedy.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to

judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

     In his Complaint, the plaintiff alleges the he was attacked by another inmate, Dontae Milton, on July 30, 2014.  Inmate Milton was placed in administrative segregation, and was

subsequently transferred out of the main prison. The plaintiff was returned to his CBA housing/living unit. As a result of the fight, inmate Milton was listed on the plaintiff's enemy list.

The plaintiff further alleges that, on August 20, 2014, he was again attacked by inmate Milton when he was allowed into the plaintiff's work area. The plaintiff alleges that the following events occurred resulting in inmate Milton's second attack: The plaintiff had just completed cleaning and mopping the tier when defendant Walker, who was making rounds with defendant McQuirter, ordered the plaintiff to move into the lobby due to the line of inmate field workers coming in for lunch. Inmate Milton was being escorted by defendant Sam Johnson, who relinquished control of inmate Milton to defendant Marshall. Defendant Marshall then allegedly allowed inmate Milton to walk into the CBA housing/living unit where defendant Walker allegedly removed his restraints. The plaintiff was then attacked by inmate Milton and the plaintiff alleges that he suffered injuries to his head, neck, shoulder and back, and that the attack caused him to suffer a seizure.

In response to the plaintiff's allegations, the defendants contend that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. Specifically, the defendants assert that the plaintiff failed to file a request for a Second Step Response to his ARP bearing number LSP-2014-2686. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

(2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

A review of the certified copy of the plaintiff's pertinent Requests for Administrative Remedy shows that the plaintiff submitted an ARP dated August 25, 2014 (R. Doc. 13-3; pgs. 16-17) that was received by the warden's office on September 2, 2014. Therein the plaintiff complained of the defendants' negligence and deliberate indifference to his safety due to the aforementioned attack by inmate Milton. The plaintiff's ARP was denied at the First Step on or about October 13, 2014 (R. Doc. 13-3; pg. 5), and the First Step Response receipt form (R. Doc. 13-3; pg. 4) states that the plaintiff refused to accept delivery of the First Step Response that was delivered to him on October 22, 2014.[2] The defendants argue that by failing to accept delivery of the First Step Response and by failing to take any action to proceed to the Second Step of the administrative process, the plaintiff failed to exhaust administrative remedies as to his claims.

The plaintiff disputes the defendants' assertions and alleges the First Step Response was never delivered to him on November 22, 2014 and that he was never given notice of the

---

[2] The Court also notes that the plaintiff refused to sign the disciplinary report immediately following the incident. *See* R. Doc. 1-1, p. 8.

Response or opportunity to proceed to the Second Step.  Instead he asserts that on November 20, 2014, after not having received any response to his initial ARP, he filed a second ARP asserting the same claim.  He further asserts that on November 27, 2014, after receiving no response to the second ARP, he forwarded correspondence to Trish Foster regarding his first ARP and attached a copy thereof to his correspondence.  *See* R. Doc. 1-1; p.1.  He asserts that in response to his correspondence to Foster, he received a document with a note stating, "The issue was already addressed by this ARP which you refused to sign for your answer.  See attached paper."  *See* R. Doc. 1-1; p. 2.  The plaintiff argues that when his first ARP was never delivered and when his second ARP was later rejected, he exhausted his administrative remedies since the rejection was a final decision that cannot be appealed to the Second Step of the administrative process.  *See* R. Doc. 18-2.

      The Court cannot accept the plaintiff's argument.  Having asserted his claim in his timely first ARP, the plaintiff was obligated to pursue that ARP to completion.  His submission of a second ARP, that he asserts he submitted out of an abundance of caution, did not relieve him of that obligation.  Instead, the second ARP was improperly submitted and may not be seen to have validly presented his claim to prison officials.

      First, whereas the plaintiff asserts that he never received a copy of the First Step Response, the record reflects, to a relative degree of certainty, that he did receive notice that his first ARP had been received by prison officials and was pending before them.  *See* Backlog Notification Form dated September 3, 2014, R. Doc. 13-3; p. 15, advising the plaintiff that his ARP had been received and given an APR number (LSP-2014-2686), and would be addressed upon the conclusion of pending ARP(s) submitted by the plaintiff.  *See also* Offenders Relief Request Form dated September 12, 2014, *Id.* at p. 24, advising the plaintiff that his ARP had

been accepted and that a response would be issued within 40 days from that date.  Thus, the plaintiff was aware that his first ARP was pending, and he had no reason to submit a second ARP, out of an abundance of caution or otherwise.

Further, the plaintiff's second ARP was, on its face, submitted to prison officials while they still had time to address his first ARP.  Specifically, the above referenced Offenders Relief Request Form dated September 12, 2014 provided that a response to the plaintiff's ARP would be issued within 40 days from that date, i.e. by October 22, 2014.  The plaintiff therefore had no reason to be concerned about the status of his ARP on October 20, 2014, two days prior to the deadline, so as to justify his submission of a second ARP on that date.

Finally, the plaintiff's second ARP was procedurally improper and was subject to rejection for that reason.  Specifically, the applicable administrative rules provide that "duplicate" ARPs may be rejected as such.[3]  22 La. ADC, Part I, § 325(I)(1)(a)(ii)(c). Accordingly, in as much as inmates are required to follow all applicable administrative rules and procedures, his second duplicate ARP was not effective in presenting the claims asserted in this case.

Based on the foregoing, it appears that that the plaintiff's ARP dated August 25, 2014 was the operable ARP for assertion of the claims presented herein, and the plaintiff did not take any steps to pursue that ARP to conclusion.  The applicable regulations provide that a First Step response is to be sent within 40 days from the date the request is received.  22 La. ADC, Part I, § 325(J)(1)(a)(ii).  The regulations further provide that upon the failure of prison officials to provide a timely response at any stage of an inmate's administrative proceedings, the inmate may unilaterally proceed to the next step in the process.  22 La. ADC, Part I, § 325(J)(1)(c).

---

[3] The reason listed for rejection of the plaintiff's second ARP is, "Your ARP is being rejected because you can not ARP against an ARP."  See R. Doc. 13-3, p. 19-20.

Accordingly, if the plaintiff did not receive a First Step Response to his initial ARP as he alleges, he was entitled to unilaterally proceed to the Second Step after the 40 day response period expired. The plaintiff admits that he did not proceed to the Second Step, rather he allegedly submitted a second ARP on October 20, 2014.

Exhaustion occurs: (1) when the relief requested has been granted; (2) when the Second Step Response has been issued; or (3) when the grievance has been screened or rejected under certain circumstances. 22 La. ADC, Part I, § 325(I)(1)(a)(ii). While the plaintiff's second ARP was rejected, the plaintiff's first ARP was not. Accordingly, with regards to the plaintiff's first ARP, which complaints made therein form the basis of the plaintiff's Complaint, exhaustion has not occurred and the defendants' Motion for Summary Judgment should be granted.

The Court notes that the plaintiff filed an Amended Complaint, on or about December 7, 2015, naming Legal Programs Director Trish Foster, Assistant Warden David Voorhies, Jr., and Assistant Warden Kevin Benjamin as additional defendants. Defendants Foster, Voorhies, and Benjamin, along with original defendant Sam Johnson, have not yet made an appearance in this case. The summary judgment record establishes that the plaintiff failed to exhaust his administrative remedies prior to filing suit. As such, the Court may grant a motion a motion for summary judgment with respect to these defendants *sua sponte* after giving the plaintiff notice and a reasonable time to respond. The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement. *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008). Accordingly, it is further recommended that the Court enter summary judgment *sua sponte* in favor of the defendants, Johnson, Foster, Voorhies, and Benjamin.

## RECOMMENDATION

It recommended that the defendants' Motion for Summary Judgment (R. Doc. 13) be granted, dismissing the plaintiff's claims asserted against all defendants for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed.  It is further recommended that the plaintiff's Cross Motions for Summary Judgment (R. Docs. 18, 32, and 45) be denied.

Signed in Baton Rouge, Louisiana, on January 14, 2016.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**